## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

MR. GREEN GUY                                        CIVIL ACTION
                                    :
AUG 1 5 2016
    v.                          :
LUCY V. CHIN, Interim Clerk
JUDGE WENDY L. PEW, et al.     By _____ Dep. Clerk      NO.  16-3684

### MEMORANDUM

O'NEILL, J.                                      AUGUST  *15* , 2016

      Plaintiff Guy Green, a prisoner incarcerated at the Philadelphia Detention Center, brings

this action pursuant to 42 U.S.C. § 1983 against Judge Wendy L. Pew, Byron Cotter of the

Philadelphia Defender Association and the Commonwealth of Pennsylvania..[1]  He seeks to

proceed *in forma pauperis*.  For the following reasons, the Court will grant plaintiff leave to

proceed *in forma pauperis* and dismiss his complaint with prejudice as legally frivolous, pursuant

to 28 U.S.C. § 1915(e)(2)(B)(i).

### I.    FACTS

    Plaintiff alleges that he was falsely imprisoned because Judge Pew improperly lodged a

detainer against him.  In his prayer for relief, he is requesting money damages for false

imprisonment.

### II.    STANDARD OF REVIEW

    The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is

incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A

complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*,

490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal

---

[1]  Although plaintiff identifies himself as Green Guy in the caption of the complaint, his
prison account statement reflects that his name is Guy Green.

[2]  However, as plaintiff is a prisoner, he will be obligated to pay the filing fee in
installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.     DISCUSSION

Plaintiff's claims against the Commonwealth of Pennsylvania will be dismissed because it is entitled to Eleventh Amendment immunity and is not a person for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).

Judge Wendy L. Pew is absolutely immune from claims based on actions she took in her judicial capacity. *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Accordingly, the claims against her must be dismissed.

Finally, plaintiff's claims against Byron Cotter of the Philadelphia Defender Association will be dismissed because public defenders are not state actors subject to liability under § 1983 by virtue of their representation of criminal defendants. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.